## Charles B. Kennedy v. Elam Burkholder.

1. APPEALS—*In Election Contests.*—Appeals in election contests lie to the Supreme Court and not to the Appellate.

**Election Contest.**—Appeal from the County Court of Whiteside County; the Hon. H. C. WARD, Judge, presiding. Heard in this court at the October term, 1900. Dismissed. Opinion filed February 13, 1901.

SMITH & DANIELS, attorneys for the appellant.

No appearance for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was a petition filed by Kennedy in the court below to contest the election of Burkholder to the office of commissioner of highways of the town of Clyde, Whiteside county. Defendant interposed a demurrer to the petition, which the court below sustained and dismissed the petition, and petitioner appeals to this court. Section 123 of the general election law provides that in all cases of contested elections in the Circuit Courts or County Courts appeals may be taken to the Supreme Court. This legislation was prior to the adoption of the Appellate Court act, but after the latter went into effect in the case of Webster v. Gilmore, 91 Ill. 324, concerning an election held before the Appellate Court act went into effect, but litigated after that act was in force, it was held that notwithstanding the provisions of the Appellate Court act the appeal in an election case would still go to the Supreme Court. Ever since that decision, so far as we are advised, appeals in election contests have in all cases been taken directly to the Supreme Court, and that court has always assumed jurisdiction thereof. By the decision in Webster v. Gilmore, *supra*, and the course of litigation since, it has become a settled rule in this State that the Appellate Courts have no jurisdiction of election contests. The appeal in this case will therefore be dismissed.